MORRIS J. GOLDSTEIN, Plaintiff, *v.* NATIONAL LIBERTY INSURANCE COMPANY OF AMERICA and Another, Defendants.

Supreme Court, Kings County, August 21, 1928.

*Perskin & Weinstein*, for the plaintiff.

*Jonas & Neuburger*, for the defendant National Liberty Insurance Company.

MAY, J. I am of the opinion that the first defense interposed herein by the defendant has been established in fact and is sufficient in law. This defense rests upon the breach of the warranty that the premises were " in course of construction." It was not incumbent upon the defendant to show utter and complete abandonment of construction, although the evidence is sufficient to warrant even such a finding; it is enough that it appears that the warranty was not " strictly or literally true," and I so find. From the time in early January or February, 1927, when the then owner, Westbury Construction Company, became involved in financial difficulties with numerous liens filed against its property herein to the time in March, 1927, when title was transferred to Schlowsky, there was full and actual cessation of construction, without even a watchman to guard the premises. This condition continued under Schlowsky ownership, for neither he nor the Schlowsky Company ever resumed, or manifested an intention to resume, construction. The only activity manifested by Schlowsky which is apparent from the facts herein was in the direction of securing policies of insurance. When that was concluded with the defendant in early August, the inactivity continued, with the fire following within six or seven weeks. Neither in fact nor by manifested intent can it be said that the premises were " in course of construction " at the time these policies were taken out, and the warranty to that effect was binding upon the plaintiff mortgagee.

The rule of the cases relied upon to the contrary by the plaintiff, such as *Hastings* v. *Westchester Fire Ins. Co.* (73 N. Y. 141), must be regarded as inapplicable to a warranty such as we have here, in view of the later case in this department in *Young Men's Lyceum* v. *Nat. Ben Franklin F. Ins. Co.* (177 App. Div. 351). It is true that in the latter case the " mortgage clause " was not in the same terms as here involved, but the features of difference were in the opinions evidently regarded as a further or additional reason for the conclusion that was reached, independently of those differences.